Matter of the Estate of Mary A. Powell, Deceased.

(Surrogate's Court, New York County, February, 1919.)

Contracts — when agreement among next of kin for distribution of personal property will not be set aside— order directing trustee to turn over to administrator amount of savings bank deposit granted.

> Where no rights of creditors are involved an agreement among the next of kin for the distribution of the personal property of their intestate other than as provided by statute will not be set aside in the absence of proof that it was procured by fraud or misrepresentation.

> Where pursuant to such an agreement which further provided for the payment of the debts of the decedent and the expenses of administration, a sum of money was paid by her administrator to one for the purpose of deposit in a savings bank in trust for a daughter of the decedent, an application of said administrator for an order directing the trustee to turn over to said administrator the amount of said savings bank deposit will be granted.

Application by administrator for an order directing Edwin E. Powell to turn over to him certain moneys.

Charles H. Leavitt, for petitioner.

James M. O'Neill, for respondent.

Fowler, S.   This is an application by the administrator of the estate of the deceased for an order directing Edwin E. Powell to turn over to him the sum of $3,000.04 deposited in the Bowery Savings Bank in the name of Edwin E. Powell, as trustee for Mary E.

Misc.] Surrogate's Court, New York County, February, 1919.

Powell. The latter is the daughter of the deceased. The money constituted part of the estate of the deceased and was paid by the administrator to Edwin E. Powell for the purpose of being deposited by him in trust for Mary E. Powell. The payment was made in accordance with the terms of an agreement entered into between all the next of kin of the deceased. That agreement further provided that the debts of deceased and expenses of administration should be paid out of the money deposited in the Bowery Savings Bank.

While it was the duty of the administrator to pay the debts and administration expenses of the deceased, and to distribute the remainder among the next of kin in accordance with the provisions of the statute regulating the distribution of personal property among the next of kin of intestates, it was within the power of the next of kin to agree among themselves for a distribution different from that provided by statute. The papers on this application do not show that the agreement executed by the next of kin, and under which the administrator paid the money to Edwin E. Powell as trustee for Mary E. Powell, was procured by fraud or misrepresentation, and the court therefore will not set it aside. Of course, the debts and administration expenses must be paid out of the money held in trust by Edwin E. Powell, and the interest as well as the principal paid to Mary E. Powell at such times and in such amounts as the agreement to be entered into in accordance with the terms of the original agreement shall provide. So long as the rights of creditors are not involved and the agreement was executed by all the next of kin, without fraud or misrepresentation on the part of any of them, the court will not set it aside. The application is therefore denied.

Application denied.